State *v.* Buhs.

THE STATE, Defendant in Error, *vs.* BUHS, Plaintiff in Error.

1. A party who appeals from a conviction and fine before a justice for an assault and battery, and enters into the recognizance required by statute, is not obliged to appear *in person* to prosecute his appeal, and it is error to affirm the judgment upon his failure to do so.

*Error to St. Louis Criminal Court.*

*Gibson & Cline*, for plaintiff in error.
*H. A. Clover*, (circuit attorney,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was arrested on a warrant issued by a justice of the peace for committing an assault and battery.   He was

State *v.* Buhs.

tried before the justice, convicted and fined. He appealed to the Criminal Court, and entered into a recognizance as required by the statute in such cases. When the case was called for trial in the Criminal Court, the appellant (defendant below) appeared by his counsel, and not in proper person. The circuit attorney required the personal appearance of the defendant, in order to identify him. He was, thereupon, directed to be called, and failing to appear in any other wise than by attorney, the court, on motion of the circuit attorney, affirmed the judgment of the justice. The defendant, by his counsel, objected to this judgment of the Criminal Court, filed his bill of exceptions, and brings the case here by writ of error.

1. Was the defendant bound to appear in person to prosecute his appeal in this case, in the Criminal Court? The statute giving jurisdiction in cases of breach of the peace, to the justices of the peace, permits any person convicted under it to appeal. Such person must file an affidavit, stating that he verily believes himself aggrieved by the verdict and judgment, and also enter into recognizance, which shall be in the form and with the condition required in appeals from a justice of the peace in civil cases. The recognizance in civil cases does not require the party appealing to make his personal appearance in the court to which the appeal is taken. R. C. 1845, tit. " Justices' Courts," art. 8, sec. 4. In this case, the recognizance of Buhs did not require his personal appearance in the Criminal Court of St. Louis county, in order to prosecute his appeal. It was error, therefore, for that court to affirm the judgment of the justice of the peace, because said appellant failed to appear personally. The judgment of the Criminal. Court is therefore reversed, the other judges concurring, and the cause is remanded.