STATE v· N. P. OVERTON.

*Murder—Practice—Trial and Conviction—Judgment.*

1. A defendant in a criminal action brought, by appeal to this Court, is not "tried" or "convicted" *here.*
2. Where the Court below, after the decision of this Court was certified, continued the case and rendered judgment at a subsequent term; *Held,* not to be error.

MOTION for an Order to release the defendant heard at Spring Term, 1876, of BEAUFORT Superior Court, before *Eure, J.*

The ground upon which this motion was based is sufficiently stated by Mr. Justice READE in delivering the opinion of this Court.

His Honor overruled the motion and the defendant appealed.

*Attorney General,* for the State.
*Mr. D. M. Carter,* for the defendant.

READE, J.   The defendant had been tried and convicted
of murder in the Court below and appealed to this Court,
and this Court decided (75 N. C. 200) that there was no error
in the record of the trial and conviction, and ordered its decis-
ion to be certified to the Court below, to the end that the
Court below might proceed to judgment and execution.
When the defendant was called to receive the judgment of
the Court, he objected ;—that judgment ought not to be ren-
dered because he had been improperly convicted and denied
his constitutional right; in that, he had not been present in
*this* Court when his case was argued and determined and
had therefore not been properly convicted.   This objection
is founded upon an erroneous idea of a criminal trial, and of
the power and duty of this Court in such case brought before
it by appeal.   The Constitution provides that a defendant
in a criminal action shall be informed of the accusation
against him, and shall have the right to confront the accu-
sers and witnesses with other testimony, and shall not be
convicted except by the unanimous verdict of a jury of good
and lawful men in open Court as heretofore used   *That* is
his *trial.*   This of course implies that he shall have the right
to be present.   If he complains of any error in his trial, the
record of the trial is transmitted to this Court.

*Here,* are no " accusers," no "witnesses," and no "jury ;"
but upon inspection of the record this Court decides whether
there was error in the trial, and without rendering any judg-
ment, orders it decision to be certified to the Court below.
It has never been understood, nor has it been the practice,
that the defendant shall be present in *this* Court ; nor is he
ever "convicted" here.   A second objection taken by the de-
fendant is, that no judgment was rendered against him by
the Court below at the first term after the decision of this

STATE v. OVERTON.

Court was certified; that judgment could not be rendered after the first term. There is no force in this objection. It was at the defendant's request that judgment was not rendered at the first term and the case continued. And without such request, the Court had the power to suspend the judgment and continue the case until the next term. No authority is cited for these objections; there are no precedents in practice to sustain them; and it is at least questionable whether it is not a perversion of the liberal indulgencies *in favorem vitæ*, to make them.

There is no error. Let this be certified to the end that the Court below may proceed to judgment and execution according to law.

PER CURIAM.                                Judgment affirmed.