SAMUEL FIELDEN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 16, 1889.*

1. AMENDMENT OF RECORD—*at a subsequent term.* Amendments of the record in affirmance of a judgment, when there is anything by which to amend, may, upon proper notice, be made at a term subsequent to that at which final judgment was rendered; but amendments not in affirmance, but in derogation of the judgment, are not allowed at a term subsequent to that at which final judgment is rendered.

2. The record of this court affirming a judgment of conviction in a capital case, showed the presence of the prisoners in court on the rendition of the judgment of affirmance. At a subsequent term, the prisoners, by their counsel, entered a motion in this court to amend the record so as to omit the recital of the presence of the prisoners in court, which motion was overruled, as was also a motion for leave to amend the original motion, on the ground the proposed amendment was in derogation of the judgment, and came too late. But the court do not concede that the amendment, if made, could affect the validity of the judgment.

3. CRIMINAL LAW—*presence of prisoner in court—in the trial court, and in the Supreme Court.* The common law required, when any corporal punishment was to be inflicted on the defendant, that he should be personally present before the court at the time of pronouncing the sentence. The reasons for this were, that the defendant might be identified by the court as the real party adjudged guilty; that he might have a pardon to plead, or move in arrest of judgment; that he might have an opportunity to say why judgment should not be rendered; and that the example of being brought up for the animadversion of the court and the open denunciation of punishment, might tend to deter others from like offenses. None of these reasons can apply to the judgments of affirmance by this court in criminal cases.

4. On writ of error to reverse a judgment in a capital case, the personal attendance of the defendant on the argument or at the decision of the court is not necessary to give such court jurisdiction. Such attendance is not required by the practice of this court or by any statute, but on the contrary, the statutes on the subject contemplate that such defendant will not be present in this court at any time.

5. The provisions of section 9, article 2, of the State constitution, that "in all criminal prosecutions the accused shall have the right to

appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial," etc., have no application to writs of error by which the accused seeks to have a judgment against him reversed. Such a proceeding is not a criminal prosecution.

6. SAME—*fixing date of execution by the Supreme Court—a ministerial act.* The naming of the day by the Supreme Court, on judgment of affirmance, when the judgment of conviction is to be executed, is but the exercise of a ministerial power, which, at the common law, was sometimes exercised by the sheriff. In this State the power may be exercised by the Governor in case of a temporary reprieve.

7. BILLS OF EXCEPTIONS—*in what courts allowable.* At common law, a bill of exceptions could not be taken in case of a felony, and it is, by our statute, only authorized to be taken on trial at *nisi prius;* and there is no authority, common law or statutory, authorizing the Supreme Court, or any member of it, to sign a bill of exceptions.

WRIT OF ERROR to the Criminal Court of Cook county.

At the March term, 1888, of this court, motion was made to this court, in the words following:

"And now comes the plaintiff in error Samuel Fielden, and the plaintiff in error Michael Schwab, and the plaintiff in error Oscar W. Neebe, and each for himself says, that in a certain entry upon the records in the above entitled cause, purporting to have been entered on the 14th day of September, A. D. 1887, there is error, and the said entry on said record in said cause is false and untrue, the recital in said record being as follows:

" 'On this day came again the said parties, and the court having diligently examined and inspected, as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, for that it appears to the court now here, that neither in the record or proceedings aforesaid, nor in the rendition of the judgment aforesaid, is there anything erroneous, vicious or defective, and that that record is no error: Therefore it is considered by the court, that the judgment aforesaid be affirmed in all things, as to each and every of

said plaintiffs in error, and stand in full force and effect, not-withstanding the said matters and things therein assigned for error. And it is further ordered by the court, that the 11th day of November, A. D. 1887, be and the same is fixed as the time when the sentence of death pronounced upon said plain-tiffs in error, August Spies, Michael Schwab, Samuel Fielden, Albert R. Parsons, Adolph Fischer, George Engel and Louis Lingg, by the Criminal Court of Cook county, Illinois, shall be executed. And it is further ordered by the court, that the sheriff of Cook county, Illinois, be and he is hereby ordered and directed to carry into execution the sentence by the Crim-inal Court of Cook county, Illinois, of the defendants in the indictment, August Spies, Michael Schwab, Samuel Fielden, Albert R. Parsons, Adolph Fischer, George Engel and Louis Lingg, on Friday, the 11th day of November next, (Novem-ber 11, A. D. 1887,) between the hours of ten o'clock in the forenoon and four o'clock in the afternoon of that day. And it is further considered by the court, that the said defendants in error recover of and from the said plaintiffs in error their costs by them in this behalf expended, and that they have execution therefor.'

"Whereas, in truth and fact, as each plaintiff in error is ready to verify, he nor any of his co-plaintiffs in error was present in said court at the time of the rendering of the said judgment last above recited, either in person or by his attor-neys, or either or any of them, nor were they, the plaintiffs in error, or either or any of them, or their counsel, or either or any of them, notified to be present, either in person or by attorneys,—and this each plaintiff in error is ready to verify; and the recital therein contained, 'On this day came again the said parties,' is wholly false and untrue, wherefore plaintiffs in error and your petitioners, and each of them, pray that the said record may be amended to conform with the truth and the fact, and that it may appear upon the face of the said record that at the time of the rendering of said judgment here-

inbefore recited, neither the plaintiffs in error, or either or any of them, nor their attorneys, or any or either of them, were present in court, nor were they notified to be present. And this your petitioners will pray.

SAMUEL FIELDEN,
MICHAEL SCHWAB,
OSCAR W. NEEBE,
By W. P. BLACK and M. SALOMON,
*Their Attorneys.*"

The consideration of the motion was continued until the September term, 1888, when it was overruled. At the March term, 1889, the parties, by their attorneys, moved for leave to amend the original motion, which amendment consisted of certain affidavits in support of the fact set forth in the original motion as the ground thereof. This motion was also overruled. And thereafter, at the same term of court, a motion was made by the attorneys of the parties, to rehear the motion; which, also, was then denied. And the parties then, by their attorneys, prayed that they have leave to prepare and tender a bill of exceptions, reciting the several motions so made and the rulings of this court thereon.

Mr. W. P. BLACK, and Mr. M. SALOMON, for the plaintiffs in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The purpose of the proposed amendment of the record, as we learn from the argument of counsel, is to make it appear by the record that these plaintiffs in error have been deprived of an important constitutional right,—that of being present when this court rendered judgment affirming the judgment of the Criminal Court of Cook county,—they contending, that without their presence such judgment could not be pronounced. The effect which it is claimed will result from the proposed amendment, is, therefore, in derogation of the judgment,—as

they contend, to nullify and destroy it. It must, hence, be manifest, that this motion ought to have been made at the term at which that judgment was rendered, for, not having been made then, it can avail nothing as to Spies, Parsons, Lingg, Engel and Fischer, and but for executive clemency, under which, and not any judgment of court, Fielden and Schwab are now in the penitentiary, they could not cause the motion to be made.

Under our practice, amendments of the record in affirmance of the judgment, when there is anything to amend by, may, upon notice, be made at a term subsequent to that at which final judgment is rendered; but amendments not in affirmance, but in derogation, of the judgment, are not allowed at a term subsequent to that at which final judgment is rendered. *Planing Mill Co.* v. *Merchants' Nat. Bank*, 97 Ill. 294. See, also, Powell on Appellate Proceedings, appendix, p. 387, note 1. The amendment in *Phillips* v. *The People*, 88 Ill. 161, was made before final judgment, and that in *May* v. *The People*, 92 Ill. 346, was also before final judgment, and it was, moreover, in affirmance of the judgment. The other cases cited by counsel are less pertinent, and therefore demand no comment.

This motion not having been made at the same term at which final judgment was rendered, nor until the case had passed beyond the power of this court to stay, by its order, the execution of the judgment, clearly comes too late.

But it must not be understood that we concede that the amendment, if made, could have affected the validity of the judgment. In our opinion, the amendment, if made, would be inconsequential, and would not affect, in the slightest degree, the rights of the parties under the judgment. The common law required, when any corporal punishment was to be inflicted on the defendant, that he should be personally present before the court at the time of pronouncing the sentence. 1 Chitty's Crim. Law, (5th Am. ed.) 693, *696. Reasons given

for this are, that the defendant may be identified by the court as the real party adjudged to be punished, (Holt, 399); that the defendant may have a chance to plead a pardon, (3 More, 265); that he may have a pardon to plead or move in arrest of judgment, (*King* v. *Speke*, 3 Salk. 358); that he may have an opportunity to say what he can say why judgment should be not given against him, (2 Hale's Pleas of the Crown, 401, 402); and that the example of the defendants, who have been guilty of misdemeanors of a gross and public kind, being brought up for the animadversion of the court and the open denunciation of punishment, may tend to deter others from the commission of similar offenses. 1 Chitty's Crim. Law, (5th ed.) 693, *696. It is manifest that none of these can apply to this court, because, first, it acts and decides only upon the record made in the court below. It can therefore have nothing to do with the question of the identity of the party whom the sheriff shall have in his custody for punishment. Nor can it entertain a motion in arrest, or a plea of pardon. And since its opinion is prepared and written out and filed with the clerk without being read from the bench, there is, when judgment of affirmance is given, no animadversion and open denunciation of punishment which could benefit bystanders. If the present plaintiffs in error and their counsel had been actually present in court when the judgment of affirmance, here, was entered, the law allowed them to then say or do nothing which, by any possibility, could have benefited plaintiffs in error. They were, after judgment was entered, entitled only to move for a rehearing,—and this could only be done on printed petition; but thirty days were allowed in which to prepare it. (93 Ill. 11, rule 43.) Undoubtedly, if plaintiffs in error or their counsel had been actually present in court when the decision was announced, they would then have known what the decision was; but that fact was equally well made known to them by notice from the clerk,—in ample time to avail of their right to file a petition for rehearing. And if, indeed, without any

fault of theirs, more time would have been needed within which to prepare the petition for rehearing, it was within the recognized practice of this court to have extended the time for that purpose beyond the thirty days. But no claim is here made that plaintiffs in error were not informed of the decision in the case in time to file a petition for rehearing. They did not seek to avail of that right, but voluntarily waived it, and prosecuted a writ of error upon the record from the Supreme Court of the United States, and it was not until after that was decided adversely to them, that they discovered the claimed error in the record of which amendment is now sought.

In *The People* v. *Clark*, 1 Park. Crim. R. 360, the Supreme Court of New York, at general term, held, that on a writ of error brought to reverse a judgment in a capital case, the personal attendance of the defendant on the argument or at the decision in the appellate court is not necessary to give such court jurisdiction. And there was like ruling in *Donnelly* v. *The State*, 2 Dutch. 463. See, also, in principle, to like effect, *Bales* v. *The State*, 18 Mo. 318, and *Commonwealth* v. *Costello*, 121 Mass. 371.

We may add, moreover, it has not been the practice of this court, from its organization to the present time, to have the plaintiff in error in a criminal case actually present in court at the hearing and when final judgment is given; and it is clear, from the different provisions of the statute, that it not only does not provide for their presence, but it contemplates that they will not be present. Thus, under division 15 of our Criminal Code (Rev. Stat. 1874, p. 415,) it is provided, in section 6 : "When the court or judge is of opinion that the party obtaining such writ ought to be bailed until the determination of the writ, and he is at the time in custody, the said court or judge may make an order to admit such prisoner to bail, upon his entering into a recognizance, * * * conditioned that the prisoner will appear"—not in this court, as would be required were his presence here indispensable, but—"at the next

term of court in which his trial took place, and each subsequent term of said court, on the first days thereof, until the determination of such writ of error." In section 7 it is provided: "If the prisoner is in custody of the sheriff, he shall take the recognizance; if in custody of the warden of the penitentiary, he shall take the recognizance. In either case, the recognizance shall be returned to the next term of the court in which the prisoner was sentenced." And it is provided in section 11: "In case of the reversal of any judgment upon which any person has been committed to the penitentiary, and the granting of a new trial by the Supreme Court, it shall be the duty of the warden of the penitentiary, upon receiving a certified copy of such judgment of the Supreme Court, to deliver the person so committed, to the sheriff of the county where such new trial is to be had," etc. If such person were in court at the time the judgment is pronounced, and in custody, he would necessarily be in the custody of the sheriff of the county where this court is then being held; and the statute, instead of providing as thus quoted, would then have provided that the prisoner be delivered by the sheriff having him in custody, to the sheriff of the county where such new trial is to be had.

We are not unmindful that it is guaranteed by section 9 of article 2 of the constitution of this State, that "in all criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel." But it is clear, from the connection of the clause, that this has reference to trials at *nisi prius*, only. The entire paragraph reads thus: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county,"—all of which rights these plaintiffs in error have fully enjoyed on the trial

in the Criminal Court resulting in their conviction. But they are not now defending against a prosecution. They are, themselves, prosecuting a suit to reverse the judgment by which they were convicted, and it is therefore impossible that these provisions can have any application to it. *Tooke* v. *The State*, Texas Ct. of App.

The mere naming of the day on which the sentence was to be executed was but the exercise of a ministerial power, which, at common law, was sometimes exercised by the sheriff, (1 Chitty's Crim. Law, 5th Am. ed. p. 782, *783,) and is in this State exercised by the Governor in case of a temporary reprieve.

At common law, a bill of exceptions could not be taken in case of a felony, (1 Chitty's Crim. Law, 5th Am. ed. p. 622, *623,) and it is by our statute only authorized to be taken on trials at *nisi prius.* There is, in our opinion, no authority, either common law or statutory, authorizing this court, or any member of it, to sign a bill of exceptions.

The motions are overruled.

*Motions overruled.*