NIC MARZEN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

190　81
e212　588
214　⁵180

*Opinion filed April 18, 1901.*

1. CONSTITUTIONAL LAW—*provisions for speedy trial of one accused of crime considered.* The provisions of section 9 of article 2 of the constitution, which guarantee a person accused of crime a speedy public trial, have no reference to delay while the cause is pending in the Supreme Court on writ of error.

2. APPEALS AND ERRORS—*writ of error made a supersedeas suspends power of trial court.* The allowance of a writ of error in a criminal case, the service of the writ and the order making it a *supersedeas,* operate to deprive the trial court of power to proceed further in the case until the determination of the writ of error.

3. SAME—*trial court cannot compel prisoner to be tried after reversal until mandate is filed.* If a judgment of conviction is reversed on writ of error the trial court cannot compel the prisoner to go to trial until the mandate of the Supreme Court has been filed in the trial court, although the trial may be had without the filing of the mandate, if the People and the prisoner consent thereto.

4. CRIMINAL LAW—*statutory provisions concerning discharge of prisoner are in abeyance until mandate is filed.* The provisions of section 18 of division 13 of the Criminal Code, as amended in 1895, (Laws of 1895, p. 154,) relating to the right of a prisoner to discharge if not tried at some term of court held within four months of the date of commitment, are held in abeyance, in case of reversal on writ of error, until the mandate of the Supreme Court has been filed below.

5. NEW TRIAL—*when separation of jury is not ground for new trial.* In the absence of any showing or just inference of prejudice to the accused, the mere fact that the jurors were not at all times kept together and that other persons were allowed to speak to them is not sufficient, of itself, to set aside a verdict otherwise right.

6. SAME—*when affidavit does not show ground for new trial.* An affidavit charging irregularity in the care and custody of the jury does not show ground for a new trial, where, from all that appears therein, the alleged irregularities were only such as were necessarily and properly resorted to in relieving the suffering of a juror who was temporarily ill.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

190—6

William Vocke, James P. Harrold, J. R. Burres, and A. W. Marston, for plaintiff in error:

Section 18 of division 13 of the Criminal Code of Illinois provides: "Any person committed for a criminal or supposed criminal offense and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense, commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the person, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable ground to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next time." Laws of 1895, p. 154.

The plaintiff in error was confined in the Cook county jail awaiting a new trial from April 21, 1898, to September 27, 1898,—a period of over five months. During that time the people of the State of Illinois took no steps to place his case upon trial and showed no reason why they should be entitled to delay his hearing, nor was a motion for continuance made. A careful reading of this statute will show that it is a direct limitation of the power of the People to prosecute if its terms are not complied with. The court must, on application of a defendant, at any time after the expiration of four months, order the discharge of said defendant, and had this been done in this case the judgment afterwards rendered could not have been pronounced against plaintiff in error. *Brooks* v. *People*, 88 Ill. 330.

Where the People, under a similar statute, have a right to a continuance for cause shown, such as inability to procure testimony, the application for such continuance must be made by the People and such cause must be shown within the limited time. (*VanBuren* v. *People*,

42 Pac. Rep. 599; *Brady* v. *People*, 51 Ill. App. 112.) In this case no such motion was made at any time and no attempt was made to show any cause for delay. Upon the question generally, see *Benton* v. *Commonwealth*, 90 Va. 328.

In a California case the court, in construing a statute almost exactly like ours, says: "It was enough for the defendant to show that the time fixed by the statute * * * had expired and that the case had not been postponed on his application." *People* v. *Morino*, 85 Cal. 517.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, States Attorney, and WILLIAM M. MCEWEN, of counsel,) for the People:

The first point of the plaintiff in error is, that this court should construe the section relating to a speedy trial, in a case of reversal of a sentence, so that the language relating to "the date of commitment" shall mean the date of the reversal of the judgment. A reading of the statute will disclose that the legislature, in passing the act, did not make provision for any contingencies, such as disagreement of the jury or the reversal of a case after a trial. The language is: "Any person committed," etc., "and not tried at such term of the court having jurisdiction of the offense, commencing within four months of the date of the commitment, shall be set at liberty." This court has held that this means that the trial must be entered upon at a term beginning within four months of the date of commitment. (*Healy* v. *People*, 172 Ill. 306.) If the trial was begun within the proper time, resulting in a judgment and a subsequent review by the Supreme Court, wherein the judgment of the court below was reversed, the language of the statute could not apply. The language, "the date of commitment," cannot, by construction, be extended to mean the date of a reversal. The constitution provides that every person charged with crime shall have a speedy trial, and this, no doubt, would apply as well to a defendant in jail after reversal of his

cause, or after a disagreement, or after a discharge of the jury, by an act of God, or any other condition. The statute may be taken as a definition as to what constitutes a reasonable time. In a case of reversal by the reviewing court, it is plain that a reasonable time is to be construed with reference to all the circumstances.

The State contends that unless the defendant affirmatively shows that there has been some unreasonable delay, under all the conditions, of the filing of the mandate from the Supreme Court, then the time within which he must be tried must run from the time of the filing of the mandate. The criminal court had no jurisdiction until this mandate was filed. There is no showing made setting forth in any way that the delay was an unreasonable delay under the circumstances of the case. The State's attorney could not be expected to try the prisoner until the criminal court of Cook county had jurisdiction to try him. The *onus* is on the prisoner to show that he has been unreasonably detained.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

At a former term of this court error was found in the record of the criminal court of Cook county, wherein the plaintiff in error was adjudged to be guilty of the crime of murder and sentenced to be hanged, and such judgment of conviction was reversed and the cause remanded for a new trial. (*Marzen* v. *People,* 173 Ill. 43.) The judgment of reversal was entered in this court on the 21st day of April, 1898. The mandate issued out of this court on the 16th day of August, 1898, on the application of the People, and on the 19th day of the same month the mandate was filed in said criminal court of Cook county. At the September term, 1898, of said criminal court (being the first term which convened after the filing of the mandate) the cause was re-instated on the docket of that court and stood for trial at that term. Plaintiff in error

entered his motion at said September term to be set at liberty under the provisions of section 623 of the Criminal Code. (1 Starr & Cur. Stat. 1896, p. 1406.) The ground of the motion was that the plaintiff in error had not been placed on trial within the term of four months from the entry of the judgment of reversal in this court, one or more terms of said criminal court having intervened. The motion was overruled, and the plaintiff in error, upon a trial before the court and a jury, was adjudged guilty of the crime of murder and sentenced to be confined in the penitentiary for a period of thirty years. He prosecutes this writ of error to secure a reversal of said judgment of conviction.

It is first urged the court erred in overruling the motion to set the plaintiff in error at liberty. When the first judgment of conviction was entered against plaintiff in error in the said criminal court he was confined on this charge in the county jail of Cook county. A *supersedeas* was granted and he was kept in the jail during the pendency of the writ of error in this court, and was so imprisoned when the judgment of reversal was entered, and so remained in imprisonment and was so in jail at the said September term of said criminal court, when his motion to be discharged was entered. At least three terms of said criminal court were held after the judgment of reversal in this court and prior to the said September term of the criminal court. His insistence is, that within the meaning of said section 623 of the Criminal Code it is to be regarded he was committed to said jail for said criminal offense on the 21st day of April, 1898, on which day the judgment of reversal was entered in this court, and that as he had not been placed on trial at some term of the criminal court commencing within four months after said date of April 21, and had not himself, as he insisted, brought about the failure to bring his case to trial, nor had such failure resulted because of a continuance allowed to the People in order to procure

evidence on the part of the prosecution, under the operation of the provisions of said section 623 he was entitled to be set at liberty, and it was error to refuse or deny his motion for that relief entered at the said September term of said court.

The allowance of the writ of error to test the legality of the sentence of death pronounced against the plaintiff in error, the service of the writ and the order making it operate as a *supersedeas*, deprived the trial court of the power and authority to act or proceed further in the cause until the determination of the writ of error. (*Perteet* v. *People*, 70 Ill. 171.) The official mode of advising the trial court of the action of this court in the determination of the writ of error is the mandate to be issued out of this court for that purpose. The writ of error operated to stay all further action in the trial court,—to suspend the power of the trial court to force the plaintiff in error to trial, even after the judgment of reversal had been entered in this court, until the mandate from this court should be filed in the trial court. (13 Ency. of Pl. & Pr. 837.) The fact the court might lawfully have tried the plaintiff in error without a mandate if both the plaintiff in error and the People would have voluntarily submitted the cause for trial without this official evidence of the decision of this court, as we held in *Perteet* v. *People, supra,* might lawfully be done, need not be further adverted to than to say no such waiver occurred in this cause. The provisions of said section 623 could, therefore, have no application to the delay resulting from the pendency of the writ of error in this court. In the absence of the voluntary submission of the cause by the parties, the production of the mandate of this court in the trial court was necessary to authorize the trial court to proceed to a new trial of the cause. Either the plaintiff in error or the People could have procured the mandate to issue. (13 Ency. of Pl. & Pr. 840.) It was the act of the plaintiff in error in procuring the removal of the

cause by writ of error which suspended the power and authority of the trial court to act in the cause, and if he desired that power and authority to be revived in order that the beneficial operation of the provisions of said section 623 should become effective in his behalf, he could have caused the trial court to be officially notified that the restraint on its power and authority had ceased,— that is, could have procured the mandate to be issued from this court upon the record which he had brought to this court and had such mandate filed in the trial court. Until so officially notified the trial court was powerless to force the plaintiff in error to proceed to a trial of the cause, and the provisions of said section 623 remained likewise in abeyance.

The provisions of section nine (9) of article two (2) of the constitution of 1870, which guarantees a person accused of crime a speedy public trial, has no reference to the delay caused by a writ of error prosecuted by such person out of the Supreme Court, but such guaranty relates to the prosecution of the cause in the trial court. The plaintiff in a writ of error in a criminal cause is prosecuting a suit to reverse a judgment by which he was convicted, and the constitutional provision guaranteeing a speedy trial has no application while the cause is pending on a writ of error in the Supreme Court. (*Fielden* v. *People*, 128 Ill. 595.) The plaintiff in error was not denied any right to which he was entitled under the constitution or by the provisions of said section 623. It was not error to overrule his motion to be set at liberty.

In the motion for a new trial it was alleged as one ground of the motion that the jury were allowed to separate without the consent of the defendant or his counsel. The general rule that on grounds of public policy a juror will not be heard to impeach his verdict, required the court should exclude from consideration the affidavits of the members of the panel, offered in support of this attack upon the verdict. (*Sanitary District of Chicago* v.

*Cullerton,* 147 Ill. 385; 14 Ency. of Pl. & Pr. 905.) Another affidavit—that of one of the counsel for the plaintiff in error—was presented. But this affiant could only speak on the point in question from information. and belief. Mere hearsay is not admissible. (14 Ency. of Pl. & Pr. 904.) Moreover, the information of the affiant was but to the effect that during the course of the hearing of the cause, and before the submission thereof to the jury for decision, one member of the panel became ill and was left in a room occupied by the jury at a hotel while the other members of the panel were allowed, in charge of an officer, to walk about for exercise, and that the sick juror was visited and treated by physicians, and that his wife and a Mrs. Stock were permitted to see and talk with him. The affiant did not negative, even upon information or belief, that the juror was attended during all the time by a sworn officer, or assert or even suggest that anything improper or prejudicial to the cause of the plaintiff in error occurred, or that the plaintiff in error or his counsel did not know of all that of which they now complain, before the cause was submitted to the jury. For all that appeared from this affidavit, (or from any of the affidavits, for that matter,) the alleged irregularities in the care and custody of the jury were only such as were necessarily and properly resorted to in relieving the suffering of the juror, who was but temporarily ill. In the absence of any showing or just inference of prejudice to the defendant, the mere fact the jurors were not at all times kept together and that other persons were allowed to speak to them is not sufficient, within itself, to set aside a verdict otherwise clearly right. (*Miller* v. *People,* 39 Ill. 457; *Adams* v. *People,* 47 id. 376; 17 Am. & Eng. Ency. of Law,—2d ed.—pp. 1221, 1222.) There are no other errors assigned.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*