### ANDERSON, Warden, v. DENVER et al.

### SAME v. ESTERBROOK.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1920.)

Nos. 5408, 5409.

1. **Criminal law** ⟜993—**Sentence operated to set aside prior unrecorded sentence.**

   Where the court sentenced defendants three different times, but the first two sentences and judgments were not entered of record, each of the later sentences operated to set aside the prior sentence.

2. **Habeas corpus** ⟜30(3)—**Judgment subject to attack, if void, but not for irregularity.**

   If the sentencing of defendants in their absence was a mere irregularity, the judgment and sentence were only voidable, and the error can be corrected only on a direct proceeding for that purpose; but, if the judgment was void, it is subject to collateral attack on habeas corpus.

3. **Criminal law** ⟜987—**Sentence in defendants' absence void.**

   Where defendants pleaded guilty and were sentenced to 4 years' imprisonment, but the judgment and sentence were not entered of record, sentences for 15 years, subsequently imposed in their absence, were void.

4. **Habeas corpus** ⟜4—**Lies when sentence void, notwithstanding remedy by writ of error.**

   Where the court is without jurisdiction to impose sentence, as when defendants are not present, release from custody may be obtained by habeas corpus, notwithstanding the right of the defendants to challenge the validity of the court's action by writ of error.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas corpus proceedings by Jack Denver and another and by George Esterbrook against August V. Anderson, Warden of the United States Penitentiary, at Leavenworth, Kan. From final orders in each proceeding, discharging the petitioner from custody, defendant appeals. Affirmed.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellant.

Lee Bond, of Leavenworth, Kan., for appellees.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

LEWIS, District Judge. These appeals bring here and challenge final orders discharging Frank Nolan, Jack Denver, and George Esterbrook, on habeas corpus, from custody of appellant as Warden of the United States Penitentiary at Leavenworth. They were incarcerated there in 1915, and held until 1919, a period of four years, less allowance for good behavior.

[1] These are the undisputed facts: Appellees and one George Oaks were jointly indicted for burglariously entering five post offices in the Eastern District of Illinois. On September 10th they pleaded guilty, and each was sentenced to a term of four years imprisonment at hard labor in the penitentiary. Thereupon they were placed in jail to await removal. This judgment and sentence was never entered of record. Oaks pleaded not guilty, and during his trial the court ordered appellees brought in. When they were brought in by the marshal the court, on September 16th, resentenced each of them to a term of twenty years imprisonment at hard labor in the penitentiary. They were taken back to jail, but this judgment and sentence was never entered of record. The jury found Oaks guilty, he was sentenced to a term of three years, and thereafter the court, in the absence of appellees, resentenced each of them to a term of fifteen years imprisonment at hard labor. This judgment and sentence was entered of record by the clerk and on it they were committed and held. It recites that everything occurred on September 10th—pleas of guilty, judgment and sentence, and that appellees were present. At no time were they represented by counsel. They did not know that they had been sentenced to imprisonment for fifteen years until after they were put in the penitentiary. As we view it, the action of the court in imposing a sentence of twenty years, on September 16th, operated to set aside its prior sentence of four years; and likewise, its later action in resentencing appellees for fifteen years operated to set aside its prior sentence of twenty years.

[2-4] What was the legal result of the action of the court in attempting to impose the sentence of fifteen years imprisonment on appellees in their absence? If this was a mere irregularity in procedure, the judgment and sentence so ordered and entered was not void but only voidable; and such an error can be brought into review, examination and correction only on direct procedure for that purpose. But if that judgment was and is void it is subject to collateral attack in this

way. Harlan v. McGourin, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; United States v. Lair, 195 Fed. 47, 115 C. C. A. 49; 1 Black on Judgments, § 256; 2 Freeman on Judgments (4th Ed.) § 623; 12 R. C. L. 1197; 21 Cyc. 296. At the time the court acted there was nothing before it except the indictment and the pleas of guilty ore tenus, shown on the judge's docket, which pleas appellees had a right to ask to withdraw before final action was taken against them, and to be otherwise heard before sentence of imprisonment was passed. It is a fundamental principle in the criminal law and its administration that a defendant must be present at all times during his trial. The principle was so firmly embedded in the common law as a necessary and appropriate means to the protection of liberty that it received recognition and was applied not only by State and Federal courts but given additional guarantees in State and Federal Constitutions. Thus, under a statute which but announced the common law principle, that a defendant must be personally present at his trial for felony, it was said:

"We are of opinion that it was not within the power of the accused, or his counsel, to dispense with the statutory requirement as to his personal presence at the trial. The argument to the contrary necessarily proceeds upon the ground that he alone is concerned as to the mode by which he may be deprived of his life or liberty, and that the chief object of the prosecution is to punish him for the crime charged. But this is a mistaken view as well of the relations which the accused holds to the public as of the end of human punishment. * * * If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the constitution." Hopt v. Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262.

In that case the absence of the defendant occurred during the empaneling of the jury. Again, in Lewis v. United States, 146 U. S. 370, 13 Sup. Ct. 136, 36 L. Ed. 1011:

"A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has, at times and in cases of misdemeanors, been somewhat relaxed, yet in felonies, it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial."

It was not permissible that a prisoner be absent at the time of sentence. 3 Wharton on Criminal Law (7th Ed.) § 3000; 1 Bishop's New Criminal Procedure, § 1291. In Ball v. United States, 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377, it is said:

"At common law no judgment for corporal punishment could be pronounced against a man in his absence."

The reasons on which the principle rests, as given in Fielden v. People, 128 Ill. 595, 21 N. E. 584, were approved in that case, which was pending on error; but we conceived the declaration of the court to mean that there was a lack of power to pass sentence under the conditions stated. Mr. Cooley, in his work on Constitutional Limitations (5th Ed.) page 390, states the principle in those terms:

"In cases of felony, where the prisoner's life or liberty is in peril, he has the right to be present, and must be present, during the whole of the trial, and until the final judgment. If he be absent, either in prison or by escape, there

is a want of jurisdiction over the person, and the court cannot proceed with the trial, or receive the verdict, or pronounce the final judgment."

And some of the cases which he cites in support expressly hold that a judgment and sentence so entered is void. Andrews v. State, 2 Sneed (Tenn.) 550; Witt v. State, 5 Cold. (Tenn.) 11. Most of the cases in which the principle had been declared and applied were on error; but if the court was without jurisdiction to impose the sentence, release from custody may be obtained by the writ of habeas corpus, notwithstanding the right of appellees to challenge the validity of the court's action by writ of error also. Stevens v. McClaughry, 207 Fed. 18, 25, 125 C. C. A. 102, 51 L. R. A. (N. S.) 390. Besides, it was unnecessary to specifically hold the judgment void or voidable on writ of error. Either was sufficient for purposes there in hand. See ex parte Waterman (D. C.) 33 Fed. 29; Brown v. State, 29 Fla. 543, 10 South. 736; Hamilton v. Commonwealth, 16 Pa. 129, 55 Am. Dec. 485; Peters v. State, 39 Ala. 681; People v. Winchell, 7 Cow. (N. Y.) 525, note b.

Inasmuch as appellees had been held in confinement for four years, the district attorney who prosecuted the case was out of office, the District Judge who accepted the pleas was dead, and the great lapse of time that had occurred since the offenses were committed, the usual procedure and order (In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149) was not adopted.

Affirmed.