[No. 3,428.]

## PEOPLE *v.* FELIX.

JUDGMENT IN A CRIMINAL CASE.—The statute does not require that judgment must of necessity be pronounced at the same term at which the verdict in a criminal case was found.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant was convicted of burglary at the March Term of the Court, 1871. In September following—the third term after conviction—he was sentenced to imprisonment in the State Prison for three and a half years, and he appealed from the judgment.

*Kinley*, for Appellant, argued that the statute requires sentence to be passed at the same term at which the verdict is rendered (Cr. Pr. Act, Sec. 448); otherwise the Judge, by delaying the sentence, could prolong the time indefinitely.

*Attorney General Love,* for Respondent.

The time for passing sentence is left to the discretion of the Court, with the sole restriction that it must not be in less than two days after verdict (Cr. Pr. Act, Sec. 448.) If the discretion of the Court be abused, the defendant has a remedy by mandamus.

By the Court:

The only point made in this case questions the power of the Court to render a judgment of conviction at a term succeeding that at which the verdict is found.

The statute (Cr. Pr. Act, Sec. 447,) provides that after a plea or verdict of guilty, if the judgment be not arrested or a new trial granted, the Court shall appoint a time for pronouncing judgment. By the terms of the succeeding section it is provided that the time so appointed shall not be less than two days after the verdict, if the Court intend to remain in session so long as two days thereafter; if the Court intend to adjourn within two days, the judgment is to be pronounced at as remote a time during the session as can reasonably be allowed, provided that under no circumstances shall it be pronounced sooner after the verdict than six hours. There is no provision—at least we have found none—which requires that the judgment must of necessity be pronounced at the same term at which the trial is had. The purpose of the statute seems to be to guard the rights of the prisoner from a hasty or too precipitous entry of judgment against him. In practice it would be highly inconvenient in the administration of criminal justice that the power of the Court to pronounce judgment should be limited to the particular term at which the trial is had. The judgment is often necessarily delayed by an application for a new trial made in behalf of the prisoner—frequently supported by

affidavits showing the existence of newly discovered evidence and the like—the very nature of the application sometimes requiring much deliberation in the Court and the consideration by it of difficult questions of law. The application for a new trial is required to be made, if at all, before the entry of judgment, and the judgment to be given is necessarily dependent upon the decision of the motion, for by section four hundred and forty-seven the Court is not to render judgment until after the motion for a new trial, if one be made, has been denied.

It is apparent that these provisions of the statute intended for the protection of the rights of the prisoner would be frequently incapable of observance by the Court, if it is compelled to render judgment at a particular term or lose its authority to render it at all.

Judgment affirmed.