## Patrick M. Danaher v. William Garlock.

*Contractor: Sub-contractors: Agency: Authority: Contract relations: Ratification.* Where sub-contractors have no authority to pledge the credit of their contractor for the board of their men, the mere fact of payment of a prior board bill upon the order of the sub-contractors, will not create any liability to pay subsequent bills; and in the absence of any showing of an original undertaking by such contractor, or of any act of ratification of any arrangement made by the sub-contractors, no recovery can be had against the former for such board bills incurred by the latter.

*Heard January 14.    Decided January 18.*

Error to Mason Circuit.

Danaher had a contract to construct a portion of the Flint & Pere Marquette Railway, and sub-let a portion of the work to Fahy & Dye.   This action was brought to charge Danaher with payment of certain indebtedness to Garlock incurred by Fahy & Dye for the board of their laborers.   The evidence showed, among other things, the payment by Danaher's agent of a previous board bill upon the order of Fahy & Dye.   The plaintiff recovered judgment, and defendant brings error.

*White & Haight,* for plaintiff in error.

*Fitch & Newcombe,* for defendant in error.

PER CURIAM:

We think there is no material distinction between this case and *Wells v. Martin, 32 Mich., 478,* as to the proof introduced to show liability.

. We discover no evidence in the record tending to show an original undertaking by Danaher, or any act of ratification of any arrangement which Fahy & Dye may have made, and the bill of exceptions states that the substance of all the testimony given is set out; and the judge, after refer-

ring in his charge to the evidence supposed to bear on the point, stated that it was substantially the testimony produced by both parties.

The judgment should be set aside, with costs, and a new trial ordered.