THE STATE v. WATSON, *Appellant.*

| | |
|---|---|
| 95 | 411 |
| 96 | 676 |
| 95 | 411 |
| 102 | 633 |
| 95 | 411 |
| 103 | 50 |
| 95 | 411 |
| 119 | 417 |
| 95 | 411 |
| 145 | 201 |
| 149 | 527 |
| 95 | 411 |
| 158 | 584 |
| 95 | 411 |
| 178 | ²423 |

1. **Criminal Practice :** SENTENCE. The sentence of one convicted of an offence may be postponed until a future day or term to suit the convenience of the court, or for cause shown.

2. **Intentional Killing :** MANSLAUGHTER IN THIRD DEGREE. Where the killing is wilful or intentional, there can be no manslaughter in the third degree.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*Smith, Silver & Brown* and *S. C. Douglass* for appellant.

(1) The judgment should be reversed, and a new trial awarded, because of the separation of the jurors. R. S., secs. 1909, 1910, 1966 ; *State v. Murray*, 91 Mo. 95 ; *State v. Collins*, 81 Mo. 652 ; *McLean v. State*, 8 Mo. 153. This was the rule at common law. *McCann v. State*, 9 Sm. & M. 465 ; *People v. Bachus*, 5 Cal. 275 ;. *Wood v. State*, 34 Ark. 341 ; *Rowan v. State*, 30 Wis. 129. (2) The trial court should have granted a new trial because of the newly-discovered evidence. *State v.. Murray*, 91 Mo. 95. (3) The trial court committed error in instructing on murder (manslaughter) in the third degree. *State v. Edwards*, 70 Mo. 480 ; *State v. Umfried*, 76 Mo. 404 ; *State v. Chambers*, 87 Mo. 406. The instruction is fatally erroneous in directing the jury to find defendant guilty of murder in the third degree. *Stegman v. Berryhill*, 72 Mo. 307. (4) The trial court also committed error in failing to instruct on manslaughter in the fourth degree. Authorities last.

*supra.* (5) The trial court committed error in refusing to give the seventh instruction asked by the defendant. 1 Whart. Crim. Law (8 Ed.) secs. 157, 158. Even if the instruction asked is objectionable in phraseology, or was not properly worded, it was the duty of the court to give a correct one on the point. *State v. Lowe,* 93 Mo. 548; *State v. Kilgore,* 70 Mo. 546, 558, 559. (6) The trial court committed error in sentencing the defendant at its April adjourned term, 1885, when more than two years after the finding of the verdict had elapsed. R. S., secs. 1922, 1923. The judgment was a nullity, and the defendant is entitled to his discharge. *Ross v. Ross,* 83 Mo. 100; *State v. Jeffors,* 64 Mo. 376; *Limerick v. Petitioners,* 18 Me. 183; *People v. Kennedy,* 58 Mich. 372.

*B. G. Boone,* Attorney General, for the state.

(1) An indictment for murder in the second degree which charges the killing to have been done "feloniously, wilfully, and of malice aforethought," but omits the word "premeditatedly" is sufficient. The words " with malice aforethought " are the legal equivalents of " with malice and premeditation." *State v. Lowe,* 93 Mo. 548. (2) The evidence of defendant himself clearly authorized the giving of an instruction for manslaughter in the third degree. *State v. Peak,* 85 Mo. 190. (3) The statute ( R. S., secs. 1909, 1966), authorizing a new trial on account of a separation of the jury, should be reasonably interpreted. Where it appears that no opportunity was afforded for the jurors to be tampered with or the defendant prejudiced, a separation will not justify a reversal. *State v. Collins,* 86 Mo. 245; *State v. Payton,* 90 Mo. 220; *State v. Washburn,* 91 Mo. 571. (4) An affidavit in support of a motion for a new trial on the ground of newly-discovered evidence should show that due diligence has been used to discover the evidence

before the trial. *State v. Schmidt*, 14 Mo. App. 581 ; *State v. Elliott*, 16 Mo. App. 552 ; *State v. Wilson*, 85 Mo. 134 ; *State v. Dale*, 89 Mo. 579. (5) The defendant was not prejudiced by the failure of the court to sentence him until a succeeding term after the verdict was rendered. *Commonwealth v. Chase*, Thatch. Crim. Cas. 267.

, BLACK, J.—The defendant was indicted for murder in the second degree. The trial took place at the November term, 1882, of the Boone county circuit court, and resulted in a verdict of manslaughter in the third degree. Motions for new trial and in arrest were filed and overruled at that term, and the defendant appealed to this court. The cause was stricken from the docket on motion of the Attorney General, because the record disclosed no final judgment. Thereafter, and at the June term, 1885, of the circuit court, the defendant, then out on bail, was brought before the court and sentenced in accordance with the previous verdict, and he prosecutes this appeal, bringing up the whole record.

The evidence shows that Watson, the defendant, and Mordecai, the deceased, were attendants at a dance at the house of Mr. Barkwell. During the evening deceased accused defendant of having lied about him on some former occasion. Defendant denied the charge. Further words and a scuffle took place between them in the house and in the presence of the company, and in all of which the deceased was the constant aggressor. Deceased said : "We will go out and settle this," at the same time pulling the defendant, who declined to go out of the house. The scuffle continued, the defendant threatening to cut deceased loose, if he did not let go. The deceased replied that he would be d——d if he would let go. Deceased then struck the accused with his right fist, holding defendant with his left hand. The blow knocked defendant over against the window ; and deceased continued striking the defendant, whereupon.

the defendant drew from his coat-pocket a dirk knife, four and a half inches in length of blade, and with it stabbed deceased twice in the left side, when both parties left the room. One of the wounds was four or five inches in depth, ranging upward to the lower part of the lung, and proved fatal.

1.   As will be seen the sentence in this case was pronounced by the court more than two years after verdict, and after the motion for new trial and in arrest had been overruled, and because of this delay the defendant insists that the sentence is void, and that he should be discharged, notwithstanding his appeal prosecuted during that time.   Sections 1922, 1923, Revised Statutes, 1879, relied upon by appellant, have no direct application to the question thus presented.   They provide that the accused must be brought to trial within a specified time, after indictment found, before the end of the second term of the court when confined, and before the end of the third term, when on bail.   If not thus brought to trial, he is entitled to be discharged unless the delay be occasioned on his application, or from want of time to try the cause.   Here the defendant had a trial, within the meaning of those sections, in due time.   Many cases are also cited by the appellant in respect of *nunc pro tunc* entries, which may be made where the clerk has failed to enter the judgment pronounced by the court, or has made an entry different from that pronounced ; but they are not in point because the court passed no sentence at all upon the defendant.   It would certainly be competent for the court, in a civil case, to render judgment at a term subsequent to that at which the verdict was received.   There is no final disposition of the cause until there is a final judgment ; and it is from that alone the aggrieved party can appeal.   This is true in respect of criminal cases.   Hence such premature appeals must be dismissed.   52 Mo. 31, 107 ; 42 Mo. 551 ; 53 Mo. 355.   There seems to be no

doubt but the sentence may be postponed until a future day or term to suit the convenience of the court, or for cause shown. Bish. Crim. Proc. [3 Ed.] sec. 1291. In the case of *People v. Felix*, 45 Cal. 163, the accused was not sentenced until the third term after conviction, yet the sentence was held to be valid, and that, too, though it does not appear from the report of the case that the cause was continued by any record entry.

After the motion for new trial is overruled, the defendant should be brought before the court and given an opportunity to show cause, if any he has, why sentence should not be pronounced. He may then present matters which will render it proper for the court to postpone a final disposition of the case until a future term of the court. It would be highly prejudicial to the administration of the criminal law, both as to the state and as to the defendant, to deny the court power to render final judgment at a term subsequent to conviction. The power to pass sentence is not confined to the term at which the defendant was convicted by any statute of this state, nor, we conclude, by the law in the absence of any statute. The failure to pronounce sentence in this case at the term at which the cause was tried was an omission on the part of the state; but the continued delay was evidently due to the appeal prosecuted by the defendant. But let the blame, whatever there is, rest where it may, it was competent for the trial court, when the appeal was out of the way, to pronounce sentence upon the defendant according to the verdict of the jury.

2. The court instructed as to murder in the second degree, self-defence, and manslaughter in the third degree, under section 1244, Revised Statutes, 1879; but not as to manslaughter in the fourth degree. It has been repeatedly held that there can be no manslaughter in the third degree, where the killing is wilful or intentional. *State v. Edwards*, 70 Mo. 480; *State v. Curtis*,

70 Mo. 600; *State v. Dunn*, 80 Mo. 689.  All the evidence in this case tends to show that the killing was intentional, and under the cases just cited, this case is one of murder in the second degree, manslaughter in the fourth degree coming under section 1250, or justifiable homicide.  See, also, *State v. Umfried*, 76 Mo. 407.

For this error the judgment is reversed and the cause remanded for new trial.  All concur.