## THURMAN *v.* STATE.

Decided January 10, 1891.

*Felony—Plea of guilty—Sentence.*

Sentence may be pronounced on a plea of guilty of a felony at a term subsequent to that at which the plea was entered.

ERROR to *Franklin* Circuit Court.

HUGH F. THOMASON, Judge.

*J. V. Bourland* for appellant.

Appellant was not legally sentenced. The statute requires sentence to be passed *immediately.* Section 2307 is imperative. Bish. St. Cr.

*W. E. Atkinson,* Attorney General, for the State.

The court had the power to pass sentence. 52 Ark., 285 ; 45 Cal., 163 ; 5 Casey (Penn.), 102 ; 5 Halst., 163 ; 2 McArthur, 512 ; 53 Mich., 296.

COCKRILL, C. J. The appellant pleaded guilty to a charge of felony, and the court adjourned without pronouncing the sentence of the law. Before the next term he escaped from prison, but after an absence of several years was recaptured and sentence was formally pronounced by the court in which the conviction was had. The power to pass sentence under these circumstances is the only question pressed by counsel.

Felony—Sentence.
The statute does not require that the sentence shall be pronounced and judgment entered at the same term at

which a plea of guilty is entered, and the entry of the judg-ment at a subsequent term does not alter or conflict with anything done by the court at the previous term. There is therefore no lack of power in the court, and the judgment may be deferred until a succeeding term. 1 Bish. Cr. Pr., sec. 1291 ; *People* v. *Felix*, 45 Cal., 163; *U. S.* v. *May*, 2 Mc-Arthur, 512; *People* v. *Reilly*, 53 Mich., 260.

Affirm.