Dillon, J.
The applicant was convicted in the police court of this city on the 7th day of April, 1904. The judge of that court, however, suspended execution of the sentence during good behavior. At a subsequent term of said court, to-wit, on the 30th day of August, 1905, the court finding that she had violated the conditions imposed, revoked the suspension and sentenced the accused to the workhouse.
By statute, the police court is considered as holding monthly terms, each commencing on the first Monday of the month. The question, therefore, is squarely presented as to whether or not a court has power to sentence at a term subsequent to conviction.
In the case of Webber v. The State, 58 Ohio St., 616, the court settled one phase of the question by announcing that a court in a criminal ease has the power to suspend the execution of a sentence in whole or in part, unless otherwise provided by statute. And further, that such court had the power to set aside such suspension at any time during the term of court at which sentence was passed.
But the question here presented was disposed of by said court in this language: “Whether such suspension can be set aside at a subsequent term is not decided.” The authorities in the various states passing upon this question are in conflict. In the case of Weaver v. The People, 33 Mich., 295, the court denied *534 the right of any court to sentence an offender 'at a subsequent term, where the judge holding the court was not the same judge who made the original suspension.
But in the case of People v. Reilly, 53 Mich., 260, the court held:
“Suspending sentence for a reasonable time is discretionary with the judge, if a cause is shown for doing so; but an indefinite suspension lasting for about nine months is unreasonable, though it is not necessarily ground -for setting aside the conviction. ’ ’
■Whatever doubt was left upon the subject in the state of • Michigan, however, was set at rest a little later by the ease of People v. Brown, 54 Mich., 15, where the court in the 5th sylla.bus holds as follows:
“The pardoning power in Michigan belongs to the governor alone; no judge can exercise it by indefinitely suspending the sentence of a convicted criminal.”
This same contention finds further support in the case of United States v. Wilson, 46 Fed., 748, wherein the Circuit Court of the United States for the District of Idaho held that courts have no power to suspend sentence, except for short periods pending the determination of motions or considerations' arising in the cause after a verdict. It is noteworthy that that court cited all three of the Michigan cases supra.
In the case of Williams v. The Commonwealth, 29 Pa. St., 102, the defendant was convicted of murder in the first degree, at the regular term, and adjournment was taken in accordance with the statute, for the convenience of the court, pending his decisions upon certain motions, and the court held that the accused might afterwards be legally sentenced at an adjourned term.
In the case of Slate v. Watson, 95 Mo., 411, the court held that the sentence of one convicted of an offense might be postponed until a future date or term to suit the convenience of the court or for cause shown, but in this case, which has been cited by counsel, it will be observed that it was not a case of a suspended sentence on condition, but was made necessary for the convenience of the court in passing upon a motion for a new *535 triad. The -only value of this decision is to sho-w that a failure to pronounce sentence at one term will 'not prevent the court passing sentence at the subsequent term.
In the case of People of New York v. Graves, 31 Hun. (N. Y.), 382, the eoui't suspended sentence during the defendant’s good behavior, and he was allowed to leave the oo-urt. .Over two years later for some misconduct he was taken before the same court, and on motion for sentence against him upon the old crime, he was sentenced to the penitentiary for two years- and six months. On application for writ of habeas corpus, the -court Sustained the action of the court. In that case, the count said:
“Such power to pronounce sentence was properly exercised and the judgment entered thereon, is regular and binding upon the accused. It does not lie in his mouth to say that he deserved and ought to have received sentence earlier. ’ ’
In the case of People v. The Court, 141 N. Y., 288, it is held that a statute which authorizes courts of criminal jurisdiction to suspend sentence after conviction, is not violative of the provisions of -the state Constitution, which gives to the governor the power to grant reprieves and pardons.
Without quoting further it may be pertinent to observe that the theory of the courts which have denied the right -to enforce sentence at a term subsequent to the conviction, is not based upon the time of the sentence, but has for its chief support and argument the fact that it is delegating to the- judge the power to exercise parole and pardon in violation of the fundamental law of the state. These cases seem not to have observed that it already lay in -the power of the same courts to discharge the prisoner at will at the conclusion of the state’s- evidence or if the verdict of the jury was hot satisfactory, to set it aside. So far as the general object and purpose is concerned, it must be readily granted that the exercise of such discretion upon the part of the court is intended to accomplish much good and under certain circumstances should be favored. Nor will it be claimed that the exercise of this power by the courts has ever been indulged in to such an extent as to present a vice. It should further be noticed that in case such inherent power of the court should be restrained, it should be so done, as sug *536 gested in the case of Webber v. The State, supra, by legislation.
M. B. Ea-rnhart, for plaintiff.
J. M. Butler, for defendant.
This inherent power of the count is recognized in the case of Lee v. The State, 32 Ohio St., 113, in which it is held that where the court in passing the sentence, has acted under a misapprehension of the fact®, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term and before the original sentence has gone into operation, revoke, revise, increase or diminish such sentence within the limits prescribed by law.
The inherent power of the court to suspend sentence during good behavior having been established as law in this state, it must be conceded that if there be a limitation of time upon the suspension, it must be based on some technical 'and not on a substantial reason. Under such contention we would have the anomaly of a court at the beginning of a four months’ term of court suspending sentence during good behavior for a period of four months, while a like criminal under like circumstances and conditions who comes before him on the last day of the term could have no suspension of sentence. Moreover, a sentence during good behavior would mean absolute pardon at the end of the term, unless the court in violation of his own condition of suspension should feel compelled to enforce sentence at the end of the term rather than take chances upon the accused’s good behavior thereafter—in the one case an injustice to the state, and in the other an injustice to the accused. I refer counsel to the discussion of this subject in 19 Enc. of Pl. & Pr., 446 and 452; and also to 25 A. & E. of Law, 2d Ed., 313.
From a consideration of the conflicting authorities upon this subject and upon reason, my conclusion is that in the absence of statutory enactment to the contrary, the power of the court to suspend execution of sentence during good behavior is not impaired or limited by the passing of a term in which such suspension is made. The prisoner' will be remanded' and the writ denied.