### *Ex parte* THEODORE SIZEMORE.

No. A-1922. Opinion Filed May 17, 1913.

(131 Pac. 1108.)

1. **COURTS—County Court—Jurisdiction.** The jurisdiction of a county court in criminal cases is the same in all respects, whether its sessions are held at the county seat or at the county court town.

2. **SAME—Jurisdiction.** When there is jurisdiction of the party and of the offense for which he was tried, the decision of all other questions arising in the case is but an exercise of that jurisdiction.

3. **SAME — County Courts — Jurisdiction — Presumption.** County courts are entitled to the same presumption of jurisdiction as are district courts.

(Syllabus by the Court.)

Application of Theo. Sizemore for a writ of *habeas corpus.* Application denied.

*Jess L. Ballard,* for petitioner.

DOYLE, J. This is a petition for writ of *habeas corpus* filed in this court March 3, 1913, wherein petitioner, Theo. Sizemore, avers that he is unlawfully imprisoned and restrained of his liberty by Bud Thomason, sheriff of Delaware county, and for the reasons stated therein petitioner prays that a writ of *habeas corpus* be allowed, and that he be discharged.

It appears from the petition that petitioner was by information filed in the county court of Delaware county charged with the commission of the crime of unlawfully transporting intoxicating liquor, that upon his trial at the county court town of Grove in said county he was convicted and sentenced to pay a fine of $120, and to serve a term of 30 days in the county jail, and on commitment duly issued was placed in the custody of the respondent and committed to jail.

It is further averred that said county court had no jurisdiction in said cause for the reason that said court was not convened and sitting at the time and place by law prescribed for holding court, in that the said court should have convened at Jay, the county seat, for the January, 1913, term instead of at Grove.

The petition does not contain a copy of the judgment of conviction nor of the commitment, nor is a copy of the records of the court showing when and where said court opened or convened, attached thereto and made a part thereof. Under numerous decisions of this court it has been held that in *habeas corpus* proceedings the burden is upon the petitioner to show that the judgment of conviction under which he is imprisoned is void.

County courts are courts of record, and jurisdiction of this class of misdemeanors is derived directly from the Constitution and all presumptions, in the absence of anything to the contrary appearing from the record, will be in favor of the regularity of their proceedings. *Ex parte Brown,* 3 Okla. Cr. 329, 105 Pac. 577.

The petition in itself is insufficient to show that the judg-

ment of conviction is void, and no proof has been offered in support of the averments therein.

The application for writ of *habeas corpus* will therefore be denied.

ARMSTRONG, P. J., and FURMAN, J., concur.