## *Ex parte* J. O. SPARKS.

No. A-1986.   Opinion Filed June 28, 1913.

(132 Pac. 1118.)

**JUDGMENT—Entry of Judgment—Time for Rendering Judgment— Time for Rendition.** The statute does not require that a judgment must of necessity be pronounced at the same term of the court at which a verdict of guilty in a criminal case is rendered. If the court is unable to render judgment at such term, it may be rendered at a subsequent term.

(Syllabus by the Court.)

Original proceedings by· J. O. Sparks for a writ of *habeas corpus.*   Writ denied.

This case is correctly stated in the brief of counsel for petitioner as follows :

"The petitioner, J. O. Sparks, was convicted of the crime of murder on the ——— day of January, 1913, at an adjourned term of the district court of Choctaw county, Okla. That immediately after his conviction, and before judgment and sentence were passed upon him, the case was continued by order of the court to February 3, 1913, at which time the defendant might file his motion for a new trial, and at which time the defendant would receive such judgment and sentence as the court might impose upon him. That before the 3d of February, and on the 3d day of February, 1913, there prevailed an epidemic of smallpox in the city of Hugo. That Summers Hardy, judge of the Sixth judicial district of Oklahoma, of which Choctaw county was a part, resided in the city of Madill, in the county of Marshall, state of Oklahoma, did while at Madill continue said cause from the 3d day of February, 1913, until the first day of the next term of the district court of Choctaw county, Okla. That said continuance was had upon the agreement of the counsel for the petitioner, J. O. Sparks. That the order was made at Madill, and mailed to the clerk of the district court of Choctaw county, Oklahoma, at Hugo. That said defendant was not present when said agreement was entered into, or when said order was

made at Madill, or when entered upon the records of this court. That on the first day of the term of the court next succeeding the term at which petitioner, J. O. Sparks, was convicted, said cause was again continued by the court for judgment and sentence, and after hearing the objections of petitioner that he had no jurisdiction to pronounce judgment and sentence, proceeded to pronounce judgment and sentence of imprisonment for life upon your petitioner, J. O. Sparks, and petitioner is held by reason of said judgment and sentence."

*J. H. Warren, B. D. Jordan,* and *B. B. Sturgeon,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. (after stating the facts as above). In their brief counsel for petitioner say:

"It is our contention that by the terms of this statute that the court is without authority to continue a case to a subsequent term for sentence, and that sections of the statute make it mandatory on the court to sentence defendant at the term of court at which the verdict is rendered."

Sections 5942, 5943, and 5953, Rev. Laws 1910, are as follows :

"Sec. 5942. Court Appoints Time for Judgment. After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment.

"Sec. 5943. When Time to be. The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

"Sec. 5953. Judgment Rendered, When. If no sufficient cause be alleged or appear to the court why judgment should not be pronounced it must thereupon be rendered."

It is seen that there is nothing in these sections forbidding pronouncing a judgment at a term subsequent to that on which the verdict was rendered against a defendant. Under section 5953, the court for sufficient cause is expressly authorized to postpone judgment to such time as the court in its

discretion may think proper. The law evidently contemplates that ordinarily the judgment should be pronounced at the same term of the court at which the verdict is received, and this should be done unless there is a real necessity for a postponement of the judgment until a subsequent term of the court, which necessity should appear as a matter of record as it does in this case. Conditions may arise which would render it impossible to render judgment at the same term that a verdict is returned. Suppose a defendant after the verdict has been rendered against him escapes from custody, and is not captured until after the term of the court at which he was convicted has expired; who would say that judgment could not be pronounced against him as soon as he could be brought before the court? Many other illustrations might be stated, among which are the circumstances of this case, but these are sufficient to illustrate the principle involved.

Counsel for petitioner in oral argument with great confidence and in the most positive manner asserted that this court would not be able to find a single case contrary to the position which they had assumed. Confidence is a good thing in its place, but it should be accompanied with a little caution. Even if there was no case contrary to the contention of counsel, we would not hesitate to hold that their position is untenable, for upon its very face it is against reason and might be destructive to the administration of justice. But we will accept the challenge made by counsel for petitioner and refer them to a number of cases holding directly contrary to their position.

The case of *People v. Felix,* 45 Cal. 163, construes a statute identically similar to ours, as follows:

"The only point made in this case questions the power of the court to render a judgment of conviction at a term succeeding that at which the verdict is found. The statute (Cr. Pr. Act, sec. 447) provides that after a plea or verdict of guilty, if the judgment be not arrested or a new trial granted, the court shall appoint a time for pronouncing judgment. By the terms of the succeeding section it is provided that the time

so appointed shall not be less than two days after the verdict, if the court intend to remain in session so long as two days thereafter; if the court intend to adjourn within two days, the judgment is to be pronounced at as remote a time during the session as can reasonably be allowed, provided that under no circumstances shall it be pronounced sooner after the verdict than six hours. There is no provision—at least we have found none—which requires that the judgment must of necessity be pronounced at the same term at which the trial is had. The purpose of the statute seems to be to guard the rights of the prisoner from a hasty or too precipitous entry of judgment against him. In practice it would be highly inconvenient in the administration of criminal justice that the power of the court to pronounce judgment should be limited to the particular term at which the trial is had. The judgment is often necessarily delayed by an application for a new trial made in behalf of the prisoner—frequently supported by affidavits showing the existence of newly discovered evidence and the like—the very nature of the application sometimes requiring much deliberation in the court and the consideration by it of difficult questions of law. The application for a new trial is required to be made, if at all, before the entry of judgment, and the judgment to be given is necessarily dependent upon the decision of the motion, for by section 447 the court is not to render judgment until after the motion for a new trial, if one be made, has been denied. It is apparent that these provisions of the statute intended for the protection of the rights of the prisoner would be frequently incapable of observance by the court, if it is compelled to render judgment at a particular term or lose its authority to render it at all."

In *Thurman v. State,* 54 Ark. 120, 15 S. W. 84, the Supreme Court said:

"The appellant pleaded guilty to a charge of felony, and the court adjourned without pronouncing the sentence of the law. Before the next term he escaped from prison, but after an absence of several years was recaptured, and sentence was formally pronounced by the court in which the conviction was had. The power to pass sentence under these circumstances is the only question pressed by counsel. The statute does not require that the sentence shall be pronounced and judgment entered at the same term at which a plea of guilty is en-

tered, and the entry of the judgment at a subsequent term does not alter or conflict with anything done by the court at the previous term. There is therefore no lack of power in the court, and the judgment may be deferred until a succeeding term. I Bish. Cr. Pr. sec. 1291; *People v. Felix*, 45 Cal. 163; *U. S. v. May*, 2 McArthur [9 D. C.] 512; *People v. Reilly*, 53 Mich. 260 [18 N. W. 849]."

An examination will show the following cases to the same effect: *State v. Overton*, 77 N. C. 485; *State v. Watson*, 95 Mo. 411, 8 S. W. 333; *State v. Miller*, 6 Baxt. (Tenn.) 513.

The action of the trial court in postponing pronouncing judgment in this case to a subsequent term of the court is approved, and a writ of *habeas corpus* will not be issued in this cause.

ARMSTRONG, P. J., and DOYLE, J., concur.