## BEN BEAUBEIN v. STATE.

No. A-2603.   Opinon Filed May 26, 1917.

(165 Pac. 213.)

1. **APPEAL AND ERROR—Admission of Evidence—Assignment of Error—Review.** Where the record does not show that counsel for appellant objected or excepted to the admission of the evidence complained of, his assignment of error thereon is not reviewable, because not properly preserved.

2. **JUDGMENT AND SENTENCE—Entry of Judgment—Term of Court—Statute.** Rev. Laws, 1910, sec. 5943, providing that the time appointed for judgment must be at least two days after verdict if the court intends to remain in session so long, or if not, at as remote a time as can reasonably be allowed, does not require that a judgment must be pronounced at the term at which a conviction is had; and, if the court is unable to render judgment at such term, it may be rendered at a subsequent term.

3. **APPEAL AND ERROR—Modification of Judgment.** Where the evidence in a prosecution for selling intoxicating liquor did not warrant a fine of $283 and an imprisonment for 115 days, the

appellate court, in furtherance of justice, would modify the
judgment to impose a fine of $50 and an imprisonment for 30
days.

*Appeal from County Court, Pottawatomie County;*
*Hal Johnson, Judge.*

Ben Beaubein was convicted of selling intoxicating
liquor, and he brings error. Modified and affirmed.

*G. A. Outcelt,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

PER CURIAM. It is alleged that the evidence is
insufficient to sustain the conviction. We have examined
the record, and find that the evidence on the part of the
state, both direct and circumstantial, if believed by the
jury, was sufficient to sustain the judgment.

It is also contended that the court erred in admit-
ting improper and prejudicial evidence, but the record
does not show that counsel for the appellant made any
objections or took any exceptions to the admission of the
evidence complained of. This assignment of error is not
subject to review, under previous decisions of this court,
because not properly preserved.

It is also contended that the court was without jur-
isdiction to pronounce judgment and sentence at the time
that sentence and judgment were rendered. The verdict
was returned on the 2d day of September, 1915, and
thereupon the court appointed the 13th day of September,
1915, at the hour of 8:30 a. m. as a time for pronouncing
judgment and sentence. On the 4th day of September,
1915, the defendant filed a motion for a new trial, which
was pending in said court until the 25th day of October,
1915, when the same was overruled and the sentence pro-

nounced and judgment rendered. The appellant at that time objecting to the jurisdiction of the court to pronounce sentence and render judgment because the term of court at which the verdict was returned had expired by operation of law, the court did not pronounce judgment upon the date fixed. There is a recital in the case-made to the effect that on the 13th day of September, 1915, the day fixed for pronouncing judgment, the appellant was a fugitive. However, counsel for appellant contend that the court could have pronounced judgment in this case in his absence, it being a misdemeanor, and his failure to do so deprived the court of jurisdiction to pronounce judgment at a later date. Section 5944, Rev. Laws 1910, provides:

"For the purpose of judgment, if the conviction is for misdemeanor, judgment may be pronounced in the defendant's absence."

Section 5943, Rev. Laws 1910, provides:

"The time appointed [for judgment] must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

It is discretionary with the court in misdemeanor cases to pronounce judgment in the absence of the defendant, but it is not mandatory that the court do so. Therefore the holding of this court in the case of *Ex parte Sparks*, 9 Okla. Cr. 665, 132 Pac. 1118, is controlling in this instance. In that case it was held:

"The statute does not require that a judgment must of necessity be pronounced at the same term of the court at which a verdict of guity in a criminal case is rendered. If the court is unable to render judgment at such term, it may be rendered at a subsequent term."

We find no reversible error in the record. The punishment imposed was a fine of $283 and imprisonment for 115 days. The evidence does not warrant the imposition of this extreme penalty in this case. This court, therefore, in furtherance of justice, will modify the judgment to the extent of imposing a fine of $50 and imprisonment in the county jail for 30 days, and the judgment, as thus modified, is affirmed.