### E. D. STUCKEY v. STATE.

No. A-7298.  Opinion Filed April 26, 1930.
Rehearing Denied June 5, 1930.
(288 Pac. 394.)

Meyer & White, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. This case was prosecuted in the district court of Hughes county upon information filed by the county attorney on the 12th day of October, 1926, in which it was alleged that on the 17th day of September, 1925, the defendant did abandon his wife and baby in destitute and necessitous circumstances, and had since said date neglected and refused to maintain and provide for them. Thereafter, at the March, 1927, term of the district court, this cause came on regularly for trial, on the 11th day of June, 1927, before Hon. George C. Crump, presiding judge of said court, a jury being waived both by plaintiff in error, hereinafter called defendant, and the state, and said cause submitted to the court for trial and decision both as to law and fact. Defendant was found guilty by the court, and, by agreement of defendant and state, September 12, 1927, was set as the sentence day and the defendant was released and allowed to continue on his bond. On the 12th day of September, 1927, sentence day was passed until September 19, 1927, and defendant or-

dered to pay money to the court clerk. On the 20th day of August, 1928, a bench warrant was issued for the arrest of defendant, and he was arrested and brought into court on this warrant on the 27th day of August, 1928. On the 29th day of August, 1928, the defendant filed his motion for a new trial, setting up the usual and statutory grounds, which motion was by the court overruled on the 1st day of September, 1928, and the defendant sentenced to be confined in the penitentiary at McAlester for one year.

From the foregoing it appears that eleven months and eleven days elapsed between the time fixed by the court for pronouncing sentence and the time that judgment and sentence was actually pronounced. This case presents but one question, Did the trial court lose jurisdiction to render judgment and pronounce sentence against the defendant because of the lapse of time between the conviction and the pronouncing of judgment and sentence.

Defendant was prosecuted under chapter 78, Session Laws, 1923, which act amended section 1854, C. O. S. 1921, by increasing the age of the child from six years to ten years and amended section 1856, C. O. S. 1921, by making the crime a felony instead of a misdemeanor and fixed the punishment at not less than one year nor more than ten years in the penitentiary, repealing all the other parts of that section.

Section 3 of chapter 78, S. L. 1923, then provides that the convicted defendant might give bond for the support of the wife or child and might be paroled by the Governor pending the making of the payments, and also provided that, if the defendant was incarcerated in the penitentiary, he should be allowed wages not exceeding $2.50 a day, which were to be paid to the wife or other person in charge

of caring for the child. But no appropriation was ever made to carry this part of the statute into effect.

Section 2 of chapter 78, S. L. 1923, made it a felony to abandon the wife or children under the age of fifteen years, leaving them in destitute or necessitous circumstances, and fixed the punishment at imprisonment in the state penitentiary at not less than one or more than ten years.

Section 2759, C. O. S. 1921, provides:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

Section 2760, C. O. S. 1921, provides:

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

Section 2770, C. O. S. 1921, provides:

"If no sufficient cause be alleged or appear to the court why judgment should not be pronounced it must thereupon be rendered."

The trial court having fixed a definite day for judgment and sentence, and the defendant having been permitted to stand upon his bond until such time, and the court having authority under section 2770, supra, to postpone the pronouncement of judgment and sentence because of sufficient reason appearing to the court, the presumption of law is that such reason did appear and that said cause was properly postponed.

Section 2763, C. O. S. 1921, provides:

"If the defendant has been discharged on bail, or has deposited money instead thereof, and does not appear for judgment when his personal attendance is necessary, the court, in addition to the forfeiture of the undertaking of bail or of money deposited, may direct the clerk to issue a bench warrant for his arrest."

The presumption in the case at bar is strengthened by the fact that on the 20th day of August, 1928, the court directed the clerk to issue a bench warrant to bring the defendant in. The record discloses that the defendant was brought before the court on the 27th day of August, 1928, and on the 29th day of August, and before judgment and sentence were pronounced, filed his motion for new trial. This motion was overruled on the 1st day of September and judgment and sentence pronounced. From the time the information was filed, the trial court had jurisdiction of the subject-matter of the suit. The fact that the court permitted the defendant to remain at liberty on his bond did not deprive the court of jurisdiction over the person of the defendant. If the defendant failed to appear at the time fixed by the court, the court was authorized by section 2763, supra, to issue a bench warrant. There is nothing in the statute requiring this bench warrant to be issued immediately, and the delay of the court in issuing the same did not defeat the court's jurisdiction over the person of the defendant. When the defendant was brought into court under the bench warrant and filed his motion for a new trial, the court had authority to pass upon the same, and, having done so, could legally pronounce judgment and sentence against him.

In the case of Ex parte Sparks, 9 Okla. Cr. 665, 132 Pac. 1118, this court said:

"The statute does not require that a judgment must of necessity be pronounced at the same term of the court

at which a verdict of guilty in a criminal case is rendered. If the court is unable to render judgment at such term, it may be rendered at a subsequent term."

Supporting the rule laid down in Ex parte Sparks, supra, the court cited People v. Felix, 45 Cal. 163; Thurman v. State, 54 Ark. 120, 15 S. W. 84; 1 Bish. Cr. Pr. sec. 1291; State v. Overton, 77 N. C. 485; State v. Watson, 95 Mo. 411, 8 S. W. 383; State v. Miller, 6 Baxt. (Tenn.) 513. People v. Blackburn, 6 Utah, 347, 23 Pac. 759, and People v. Manes (Cal. App.) 285 Pac. 1073, also support the rule.

The court at the beginning of the case having jurisdiction of the subject-matter and person of the defendant, the presumption of law is that such jurisdiction continues, and the burden is on the defendant to show that the court had lost jurisdiction to pronounce judgment and sentence. Coleman v. State, 6 Okla. Cr. 272, 118 Pac. 594; Stark v. State, 10 Okla. Cr. 177, 135 Pac. 441; Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505.

Jurisdiction is lost by an indefinite postponement of judgment and sentence. The record in the case at bar does not show that judgment and sentence were indefinitely postponed. Such postponement as is shown by the record is to a definite time.

There being nothing in the record affirmatively showing that the court had lost jurisdiction, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.