## EMERY STONE v. STATE.

No. A-8570.   Nov. 17, 1933.
Rehearing Denied Jan 5, 1934.
(27 Pac. [2d] 1057.)

See, also, 54 Okla. Cr. 11, 13 Pac. (2d) 873.

Orban C. Patterson (Kenneth B. Kienzle, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma

county of larceny of an automobile, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of ten years.

The state's evidence makes out a clear case of guilt. The defendant made no defense to the charge. He is represented in this court by two attorneys, who ask that the judgment be reversed on two separate grounds:

The attorney of record in the lower court, and who filed the first brief on defendant's behalf in this court, asks that the judgment be reversed because the trial court erred in overruling defendant's motion for a new trial and motion in arrest of judgment.

It appears from the record that the trial court set the 11th day of October, 1930, at 9 o'clock a. m., for hearing the motion for a new trial and for pronouncement of judgment and sentence. The next recital in the case-made concerning the hearing of motion for a new trial is that on the 13th day of December, 1930, the case came on for further hearing on the motion for a new trial; that the same was argued and by the court continued until December 20, 1930, for further hearing. On December 20, 1930, further hearing was had on said motion, the state appearing by Harlan Deupree, assistant county attorney, and the defendant appearing by Orban C. Patterson and Lillard & Wheeling, his attorneys, at which time the court heard evidence to support the contention of the state that the names of Clarence Hurt, E. M. Clohessy, John O'Neil, Bill Owen, and D. A. Bryce, with the addresses given, were all indorsed on the indictment in the spring of 1929; that these names had been on the indictment, which was on file in the office of the court clerk, from that date until the time of trial; that subpoenas had been duly issued and the witnesses in attendance upon the court at all

times when the case was up for hearing. No showing was made by either party that these indorsements were not made upon the order of the trial court. At this time the motion for a new trial and motion in arrest of judgment were taken under advisement by the trial court.

It further appears from the record that the witness Clohessy testified without objection, except that defendant objected on the ground that the indictment does not state a cause of action against him, which his counsel requested the court to overrule, and thereupon made the further objection that the witness' name was not indorsed on the indictment and he did not appear and testify before the grand jury. Thereupon counsel for defendant asked the court to grant him a continuance, because he was surprised at being confronted with a witness whose name had not been properly indorsed on the indictment and who had not testified before the grand jury.

It further appears from the record that, prior to the calling of the jury into the box, defendant made the same objection, and thereupon the court offered to hear testimony in support of his complaint, but counsel refused to introduce any testimony, and said: "I don't care to bother the court with it."

It thus appears upon the face of the record that there is no merit in counsel's contention either as to the indorsement of the names of the witnesses on the indictment nor the sufficiency of the evidence before the grand jury nor the testimony of the witness Clohessy.

Neither defendant nor his counsel who tried the case in the lower court and who was a party to and participated in the delays incident to the pronouncing of judgment and sentence made any objection or raised any ques-

tion as to the jurisdiction of the court nor the power of the court to pass judgment and sentence at the time the same was entered, nor does such trial counsel make any objection or raise any question thereon in this court, but leaves the question to be raised by Kenneth B. Kienzle, who did not appear as counsel for defendant nor participate in the trial, but has appeared in this court and filed a brief in his behalf attacking the jurisdiction of the trial court to pronounce judgment in November, 1932, after having taken the motion for a new trial and in arrest of judgment under advisement for a period of one year and ten months before acting upon same. It is contended that the delay in so doing amounted to a loss of jurisdiction by the trial court to pronounce judgment and sentence in the case.

It has been held by this court that, when a court obtains jurisdiction of a party and of an offense for which he was tried, the decision of all other questions arising in the case is but the exercise of that jurisdiction. Ex parte Brown, 3 Okla. Cr. 329, 105 Pac. 577; Ex parte Sizemore, 9 Okla. Cr. 376, 131 Pac. 1108.

In the case at bar, the trial court obtained jurisdiction of the subject-matter of the offense by the return of the indictment into open court charging defendant with the larceny of an automobile, a charge the district court of Oklahoma county had jurisdiction to try. The trial court obtained jurisdiction of the person of defendant by bringing him into court on a warrant of arrest upon said indictment. He was thereafter arraigned and pleaded to the indictment, so that, if the court had no jurisdiction to pronounce judgment and sentence in the case, it was not because it had never obtained jurisdiction of the subject-matter of the offense nor jurisdiction of the person of de-

fendant, but only upon the ground that the court had lost jurisdiction by reason of its failure to act upon the motion for a new trial at the term of court at which the verdict was rendered.

Section 3135, Okla. Stat. 1931, in part provides:

"He [defendant] may show for cause against the judgment: * * * Second. That he has good cause to offer, either in arrest of judgment, or for a new trial, in which case the court may, in its discretion, order the judgment to be deferred, and proceed to decide upon the motion in arrest of judgment, or for a new trial."

Under this section, defendant has a right to show cause against the pronouncement of judgment on the verdict of guilty by motion either in arrest of judgment or for a new trial, and, if he does so, it is discretionary with the court to defer the pronouncement of judgment and proceed to decide upon the motion either in arrest of judgment or for a new trial, or both. The defendant, by filing such motion, relieves the court of the responsibility to proceed with the pronouncement of judgment, and places it within the discretion of the court to defer action to another term of court.

Defendant having been enlarged upon bail, he was required to be in attendance upon the court from term to term. He had a right to demand that his motion for a new trial be passed upon by the court, but, having acquiesced in the delay by the filing of his motions, and the hearings thereon, he is not in a position to take advantage of his own dilatory tactics and escape punishment thereby.

In Stuckey v. State, 47 Okla. Cr. 423, 288 Pac. 394, this court said:

214

"In the absence of a statute to the contrary, judgment need not be pronounced at the same term of court at which the verdict or plea of guilty was had."

It follows, therefore, that the mere fact that judgment in this case was not pronounced at the term of court at which the verdict of guilty was returned did not deprive or divest the trial court of jurisdiction to pronounce judgment. The action on the motion for a new trial and in arrest of judgment involved decision of a question or questions arising during the progress of the trial of the case, and in deciding such questions the court was but exercising jurisdiction in the case.

In Stuckey v. State, supra, this court said:

"Where the court fixes a definite time for pronouncing judgment and sentence, and where the record shows that judgment and sentence was not pronounced on the day fixed but is silent as to what was done, the presumption of law is that a sufficient cause appeared to the court why judgment was not pronounced at that time."

The facts in the case at bar are very similar to those in the case of Stuckey v. State, supra, and, upon the authority of that case, it is held that judgment and sentence in the case at bar was not indefinitely postponed, and that by the lapse of time the trial court did not lose jurisdiction to pronounce judgment and sentence.

No reversible error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.