AARON MILLER v. STATE.

No. A-9362. Oct. 28, 1938.

(83 P. 2d 879.)

A. L. Commons, H. E. Chandler, and J. G. Austin, all of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and William E. Poteet, of Miami, for the State.

BAREFOOT, J. An information was filed in the county court of Ottawa county, charging the defendant with

the unlawful possession of intoxicating liquor. He plead guilty and was sentenced to pay a fine of $50, and serve 30 days in jail. From this judgment and sentence he has appealed.

The state has filed a motion to dismiss the appeal, and no response has been filed thereto. Counsel for defendant having filed a brief upon the merits, we have decided to pass upon the merits of the case.

The facts shown by the record are: The information was filed on December 16, 1936, charging defendant with the unlawful possession of 48 quarts and 452 pints of whisky on December 14, 1936. When he was arraigned on December 16, 1936, defendant entered a plea of guilty. An order was entered deferring his sentence to February 1, 1937, and fixing his bond at $500. On the 2nd day of March, 1937, an order was made on motion of defendant and his counsel, as follows:

"Now on this the 2nd day of March, 1937, comes the defendant, Aaron Miller, by his attorney, Conn Linn, and requests a further extension of time for sentence and judgment, and it appearing that the day originally set for judgment and sentence in this case was the 1st day of February, 1937, and it having been continued by agreement of the defendant and the county attorney to this date on account of illness alleged by the defendant;

"It is therefore ordered that the date for sentence and judgment on the defendant be and the same is hereby extended to the 5th day of April, 1937, and that said date is set for the sentence and judgment of the court. (Signed: John H. Venable, County Judge)."

The next order reveals that on the 12th day of April, 1937, an order was made sentencing defendant to pay a fine of $50, and serve 30 days in jail, the defendant to be confined in jail until all of such fine and costs are paid. Notice of appeal was given, and appeal bond fixed at $500. In the journal entry of judgment it is stated that an order was entered on the 5th day of April, 1937, continuing the

same until April 11, 1937, for sentence. On the 15th day of April, 1937, a motion for new trial was filed by defendant, and on the 8th day of June, the same was overruled, and an extension of 40 days was granted for the purpose of filing an appeal in this court. The case-made was served on the county attorney on June 23, 1937. The case was filed in this court on July 17, 1937.

The contention of defendant is expressed in the brief filed by his attorney, as follows:

"To our mind this case presents only one question: Did the judge in postponing sentence postpone it to an unreasonable time?"

In order to sustain this contention counsel for defendant calls the attention of the court to one case, that of Collins v. State, 24 Okla. Cr. 117, 217 P. 896. A careful reading of this case will reveal that it does not sustain the contention of defendant, but on the other hand fully sustains the action of the trial court, as applied to the facts in this case. The facts in that case were that a period of nearly five years elapsed from the time the court appointed for the time to pronounce sentence. At the time appointed for sentence on January 25, 1917, the defendant did not appear for the reason that he was in the hands of the United States Marshal for the purpose of being transported to the federal penitentiary. The court entered an order staying the proceedings until such time as the defendant should be out of the custody of the United States Marshal. No definite date was set. This proceeding was had in the superior court of Muskogee county, and by an act of the Legislature the superior court of Muskogee county was abolished effective March 24, 1921. Laws 1921, c. 47, 20 Okla. St. Ann. c. 5, note. The county court of Muskogee county, on September 21, 1921, as the successor of the superior court, entered the judgment and sentence. The court held:

"That, in view of the length of time elapsing between the verdict and sentence, nearly five years, and the failure of the trial court to enter judgment at the time appointed or at the succeeding term, and as no definite time was fixed within which sentence would be pronounced in the order of the trial court entered March 17, 1917, the trial court lost jurisdiction to pronounce judgment. Therefore the county court, as the successor of the trial court, was without jurisdiction to pronounce judgment and sentence."

The court in this opinion refers to the case of Beaubein v. State, 13 Okla. Cr. 440, 165 P. 213, and Ex parte Sparks, 9 Okla. Cr. 665, 132 P. 1118, which are somewhat similar to the case at bar. In those cases it is held:

"The statute does not require that a judgment must of necessity be pronounced at the same term of the court at which a verdict of guilty in a criminal case is rendered. If the court is unable to render judgment at such term, it may be rendered at a subsequent term."

The court then says:

"It seems to be well settled that, in the absence of a statute to the contrary, sentence need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and, if the court's purpose in postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction of the court to impose sentence at a term after the trial term is not affected. Miner v. U. S., 244 F. 422, 157 C.C.A. 48, 3 A.L.R. 995, and see Editor's Annotation, 3 A.L.R. 1012."

See, also, Stone v. State, 55 Okla. Cr. 209, 27 P. 2d 1057; Stuckey v. State, 47 Okla. Cr. 423, 288 P. 394.

The rule here stated applies to the facts in the case at bar. Proper orders were made by the court for the extending of the time to pass sentence. These orders were made at the request of defendant, and upon the grounds of his illness. Certainly he should not be allowed to take advantage of the extension which he had requested. There

was no unusual delay, as in the Collins Case, supra. There was no question of the court losing jurisdiction to pronounce judgment on the verdict rendered. There should be no long or unreasonable delay in passing upon motions for new trials, or upon passing sentences. This is for the benefit of both the state and defendant.

We do not think the delay in this case was unreasonable under the facts presented, and for this reason the judgment and sentence of the county court of Ottawa county is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.